```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        NORTHERN DIVISION


KNOXIE MCGUFFIE                                         PLAINTIFF

VS.                          CIVIL ACTION NO. 3:13-cv-888(DCB)(MTP)

ANDERSON TULLY COMPANY AND
ANDERSON TULLY MANAGEMENT
SERVICES, LLC                                          DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant Anderson-Tully Lumber Company (incorrectly identified by the plaintiff as Anderson Tully Company and Anderson Tully Management Services, LLC, and hereinafter referred to as "Anderson-Tully")'s motion for summary judgment **(docket entry 12)**. Having carefully considered the motion, which is unopposed by the plaintiff, and the applicable law, and being fully advised in the premises, the Court finds as follows:

This case originated with the filing of a Complaint in the Circuit Court of Warren County, Mississippi, seeking recovery of survivor death benefits from an ERISA plan under state law theories of embezzlement from a vulnerable adult pursuant to Miss. Code Ann. §§ 43-47-5(n) and 11-7-165. The defendants timely removed to this Court by reason of complete preemption of ERISA, a point which has not been refuted by the plaintiff. In addition, the plaintiff has not produced any pre-discovery disclosures nor sought any discovery in this case.

Anderson-Tully moves for judgment as a matter of law as to all of the plaintiff's claims. The material facts are undisputed and are limited to the administrative record submitted under seal to the Court on November 15, 2013. Robert McGuffie married Mary Jo McGuffie on or about July 2, 1950. (Admin. Record 100098). During his lifetime, Robert McGuffie was employed by Anderson-Tully and covered by an ERISA pension plan administered by Anderson-Tully Lumber Company, the Anderson-Tully Salaried Employees' Pension Plan (the "Plan"). (Admin. Record 10008 – 100091). On February 1, 1993, Robert McGuffie retired and began receiving retirement benefits under the Plan. (Admin. Record 100098). At the time of his retirement, Robert McGuffie's retirement benefits commenced while he was still married to Mary Jo McGuffie. (Admin. Record 100098). Mary Jo McGuffie is identified as Robert McGuffie's spouse on his Retirement Election Form. (Admin. Record 100098). Subsequent to his retirement and the commencement of his receiving retirement benefits, Robert McGuffie married the plaintiff, Knoxie McGuffie, on September 23, 2000. (Admin. Record 100093, 100096).

Knoxie McGuffie made a claim for death benefits under the Plan on or about January 31, 2013. (Admin. Record 100096). On or about February 28, 2013, the Plan denied Knoxie McGuffie's claim because she was not married to Robert McGuffie on February 1, 1993, the date of Robert McGuffie's retirement. (Admin. Record 100096). As previously noted, the plaintiff filed suit in state court and the

defendant timely removed the case to this Court on grounds of complete preemption under ERISA.  The present controversy is within the scope of ERISA § 502(a), and an abuse of discretion standard of review applies to Anderson-Tully's denial of post-retirement death benefits to the plaintiff.

A party should be granted summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-325 (1986).  The substantive law governing the suit identifies the essential elements of the claims at issue and which facts are material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." Lincoln Gen. Ins. Co. v. Reyna, 401 F.3d 347, 349 (5th Cir. 2005). Once the movant meets its burden, however, the non-movant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  Id. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Instead, the nonmoving party must produce evidence upon which a jury could reasonably base a verdict in its favor.  Anderson, 477 U.S. at 249; see also DIRECTV Inc. v. Robson,

420 F.3d 532, 536 (5th Cir. 2005).  The Court is not required under Federal Rule of Civil Procedure 56 to sift through the record in search of evidence to support a party's opposition to summary judgment.  Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998)(citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).  Mere conclusory allegations are not competent summary judgment evidence and are insufficient to defeat a motion for summary judgment.  Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996).

Where an ERISA Plan administrator or fiduciary has discretionary authority to determine eligibility for benefits or to construe the terms of the plan, as is the case here, the reviewing court applies an abuse of discretion standard to the plan administrator's decision.  Anderson v. Cytec Indus., Inc., 619 F.3d 505, 512 (5th Cir. 2010).  Anderson-Tully's ERISA Plan ("the Plan") provides:

> 2.3 POWERS AND DUTIES OF THE ADMINISTRATOR . . . [Anderson-Tully] shall administer the Plan in accordance with its terms and shall have the power and discretion to construe the terms of the Plan and to determine all questions arising in connection with the administration, interpretation, and application of the Plan . . . (a) the discretion to determine all questions relating to the eligibility of Employees to participate or remain a Participant hereunder and to receive benefits under the Plain . . . (e) to interpret the provisions of the Plan
>
> . . .
>
> 2.7 CLAIMS PROCEDURE.  Claims for benefits under the Plan may be filed in writing with the Administrator.  The Administrator shall have full and complete discretion to

4

  make all determinations as to the eligibility of any person to a benefit under the terms of this Plan.

(Admin. Record 100029 - 100030).

  A review for abuse of discretion is the functional equivalent of an arbitrary and capricious review. Anderson, 619 F.3d at 512 ("[t]here is only a semantic, not a substantive, difference between the arbitrary and capricious and the abuse of discretion standards in the ERISA benefits review context"). A decision is arbitrary if it is "made without a rational connection between the known facts and the decision." Id. In addition to not being arbitrary and capricious, the plan administrator's decision must be supported by substantial evidence. Id. at 512 (citing Ellis v. Liberty Life Assurance Co. of Boston, 394 F.3d 262, 273 (5th Cir. 2004)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (citing Corry v. Liberty Life Assurance Co. of Boston, 499 F.3d 389, 398 (5th Cir. 2007); see also Lain v. UNUM Life Ins. Co. of Am., 279 F.3d 337, 342 (5th Cir. 2002)(stating that the administrator's decision must be "based on evidence, even if disputable, that clearly supports the basis" for its determination.). Ultimately, this Court's review of Anderson-Tully's eligibility determination "need not be particularly complex or technical; it need only assure that [the] decision fall[s] somewhere on a continuum of reasonableness - even if on the low end." Id. (citing Corry, 499

F.3d at 398 (quotation omitted)). If the determination is supported by substantial evidence and is not arbitrary and capricious, it must prevail. <u>Ellis v. Liberty Life Assur. Co. of Boston</u>, 394 F.3d 262, 273 (5th Cir. 2004).

This Court's assessment of factual questions is limited to the evidence available at the time the benefit determination was made (<u>i.e.</u>, the administrative record). <u>Anderson</u>, 619 F.3d at 515 ("The administrative record consists of the relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it." <u>Id</u>.

As discussed above, the plaintiff's state law claims are preempted by ERISA, and she has no basis for recovery from Anderson-Tully as long as Anderson-Tully's decision is not an abuse of discretion and is supported by substantial evidence in the administrative record. The Plan gives discretion to Anderson-Tully to make benefit determinations and interpret the terms of the Plan. In this case, Anderson-Tully determined that under the terms of the Plan, the plaintiff is not eligible for post-retirement death benefits from the Plan unless the spouse was married to the participant on the Annuity Starting Date, the date that the participant's retirement benefits commenced (in this case, February 1, 1993). (Admin. Record 100015, 100096, 100098). Pursuant to the terms of the Plan, Anderson-Tully's determination is conclusive and

binding. (Admin. Record 100029). Anderson-Tully's determination is also supported by substantial evidence in the administrative record. The plaintiff's Complaint incorrectly alleges that there had been no election prior to Robert McGuffie's death. Complaint, ¶ 4. The record shows that on January 14, 1993, Mr. McGuffie completed the Retirement Election Form, identifying Mary Jo McGuffie as his spouse entitled to receive benefits in the form of a qualified joint and survivor annuity. (Admin. Record 100098).

The Court finds that Anderson-Tully's interpretation passes the abuse of discretion standard and is, in fact, the most logical and pragmatic interpretation. Section 5.7(a)(1) of the Plan provides: "Unless otherwise elected as provided below, a Participant who is married on the Annuity Starting Date and who does not die before the Annuity Starting Date shall receive the value of all his benefits in the form of a joint and survivor annuity. ... Such joint and survivor benefits following a Participant's death shall continue to the spouse during the spouse's lifetime ...." (Admin. Record 100041). Section 5.7(j)(iv)(A) also notes that the participant's spouse as of the date distributions commence must be the spouse who waives a Qualified Joint and Survivor Annuity ("QJSA"). (Admin. Record 100048). The election form completed by Mr. McGuffie identified his then spouse, Mary Jo McGuffie.

The case law supports the Plan's interpretation reached by

Anderson-Tully prior to suit. See Carmona v. Carmona, 603 F.3d 1041, 1059 (9th Cir. 2010)(the statutory scheme is based on the life expectancy of the spouse at the annuity starting date as "it is important for the plan administrator to know, with some finality, who is the spouse at the time that the benefits become payable"). The case law also supports Anderson-Tully's interpretation and decision that the plaintiff is not entitled to survivor benefits because she was not Robert McGuffie's spouse at the time of his retirement. The Fifth Circuit Court of Appeals has held that a husband's ERISA plan pension benefits irrevocably vest in favor of his wife on the date of his retirement. Rivers v. Central and South West Corp., 186 F.3d 681, 683-84 (5th Cir. 1999)(adopting rationale of Fourth Circuit in Hopkins v. AT&T Global Information Solutions Co., 105 F.3d 153 (4th Cir. 1997)). The Ninth Circuit has also found that "once a participant retires, the spouse at the time becomes the 'surviving spouse' entitled to QJSA benefits." Carmona v. Carmona, 544 F.3d 988, 1002 (9th Cir. 2008)(opinion amended and superseded on denial of rehearing en banc, 603 F. 3d 1041 (9th Cir. 2010)(affirming that participant's spouse at time of retirement was entitled to benefits after participants death; reasoning that "[a]llowing participants to change surviving spouse beneficiaries after the participant has retired and already begun receiving benefit payments would make it difficult for trustees to administer plans based on the actuarial value of both the participant and the

surviving spouse")).  Further, from a practical and actuarial perspective, the survivor annuity cannot be transferred to a subsequent spouse post-retirement.  The life expectancy of the participant and his or her spouse (in this case, Mary Jo McGuffie) at the Annuity Starting Date determines the payout period for the annuity.  There is no mechanism in the Plan to permit transfer and recalculation of the survivor annuity based on the second spouse's life expectancy.

The Court finds that a reasonable mind would accept the relevant evidence and case law as adequate to support Anderson-Tully's interpretation of the Plan.  Anderson, 619 F.3d at 512 (citing Corry, 499 F.3d at 398)("Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.")).  Substantial evidence in the administrative record supports Anderson-Tully's decision, and because such facts are rationally connected to the determination made by Anderson-Tully, the plaintiffs' ERISA claim must be dismissed.  See Ellis, 394 F.3d at 273 ("If a plan fiduciary's decision is supported by substantial evidence and is not arbitrary and capricious, it must prevail.").

Anderson-Tully properly denied the plaintiff death benefits on the basis that the plaintiff was not married to the Plan participant, Robert McGuffie, at the time his retirement benefits

9

commenced, February 1, 2003. The denial is supported by substantial evidence, consistent with the undisputed facts, the terms of the Plan, and case law under ERISA, and is not an abuse of discretion. Furthermore, the plaintiff's state law claims are preempted by ERISA. The suit filed by the plaintiff specifically alleges that she is a plan beneficiary and that she is entitled to recover plan benefits. A claim "to recover benefits" under an ERISA plan fits squarely within the civil enforcement provision of ERISA, 29 U.S.C. § 1132(a).

The Court finds that the defendant's motion for summary judgment is well-taken, and the defendant is entitled to judgment as a matter of law.

Accordingly,

IT IS HEREBY ORDERED that the defendant Anderson- Tully Lumber Company (incorrectly identified by the plaintiff as Anderson Tully Company and Anderson Tully Management Services, LLC)'s motion for summary judgment **(docket entry 12)** is GRANTED.

A final judgment dismissing this case with prejudice shall be entered.

SO ORDERED, this the 17th day of September, 2014.


                                    /s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE